IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| Shawn Preston, Eric Davis, Joseph Patterson, John Rando, Jason Tatarewitz, and Ronnie D. Barrett, Jr., for themselves and others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>Fluor Enterprises, Inc.,<br><br>      Defendant. | Civil Action No.: 0:17-2184-TLW<br><br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiffs Shawn Preston, Eric Davis, Joseph Patterson, John Rando, Jason Tatarewitz, and Ronnie D. Barrett, Jr., individually and on behalf of all other similarly situated individuals, by way of their Complaint in the above-captioned matter, would allege and show unto this Honorable Court the following:

### I. Nature of Claims

1. This action is brought individually and as a collective action for unpaid overtime compensation, for liquidated damages, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). The collective action provisions under the FLSA provide for opt-in class participation.

2. Plaintiffs also include other causes of action under South Carolina law, including breach of contract and violation of the South Carolina Payment of Wages Act, on an individual and class-wide basis. Those claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

### II. Parties, Jurisdiction, and Venue

3. Plaintiff, Shawn Preston, is a citizen and resident of Lexington County, South Carolina.

4. Plaintiff, Eric Davis, is a citizen and resident of Richland County, South

Carolina.

5. Plaintiff, Joseph Patterson, is a citizen and resident of Lexington County, South Carolina.

6. Plaintiff, John Rando, is a citizen and resident of Mecklenburg County, North Carolina.

7. Plaintiff, Jason Tatarewitz, is a citizen and resident of Richland County, South Carolina.

8. Plaintiff, Ronnie D. Barrett, Jr., is a citizen and resident of Richland County, South Carolina.

9. Defendant, Fluor Enterprises, Inc. (hereinafter "Fluor"), is a private corporation that is organized in one of the States and that conducts, or at all times relevant hereto, conducted business in Fairfield County, South Carolina.

10. Plaintiffs Preston, Davis, Patterson, Rando, Tatarewitz, and Barrett, individually and on behalf of others similarly-situated (hereinafter "Plaintiffs") bring this action individually and as an opt-in, collective action pursuant to 29 D.S.C. § 216(b), on behalf of a class of all individuals employed by Defendant Fluor at any time within the three years prior to joining this lawsuit, who were non-exempt employees and who worked in excess of forty (40) hours in any given work week, but who did not receive overtime compensation of at least one and a half times their regular hourly wage for any and all overtime hours, who were improperly denied pay for compensable work time, and who were required to work more time than was actually included in their compensable time.

11. Plaintiffs also bring this action individually and as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all individuals employed by Defendant Fluor at any time within the three years prior to the commencement of this lawsuit who were not paid all of their lawful wages for hours worked as required by state and federal law.

12. Upon information and belief, this action satisfies the requirements of Rule 23 (a), Fed. R. Civ. P., as alleged in the following particulars:

   a. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

   b. There are questions of law and/or fact common to the members of the proposed Plaintiff class;

   c. The claims of Plaintiffs, the representatives of the proposed Plaintiff class,

are typical of the claims of the proposed Plaintiff class; and

    d. Plaintiffs, the representatives of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

13. In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b), Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

14. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

15. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' pendent claims, which are brought pursuant to the statutory and common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant conducted business within in this judicial district and division, and the unlawful labor practices giving rise to Plaintiffs' claims were committed in the Rock Hill Division of this Court.

### III. Facts

17. Plaintiff Preston was employed by Defendant Fluor as a Construction Services Specialist III from April 1, 2016, until his termination on July 31, 2017.

18. Plaintiff Davis was employed by Defendant Fluor as a Construction Support Specialist from April 1, 2016, until his termination on July 31, 2017.

19. Plaintiff Patterson was employed by Defendant Fluor as a Field Welding Engineer from January 1, 2013, until his termination on July 31, 2017.

20. Plaintiff Rando was employed by Defendant Fluor as a Construction Specialist from October 1, 2014, until his termination on July 31, 2017.

21. Plaintiff Tatarewitz was employed by Defendant Fluor as a Construction Support Specialist, III from April 2, 2016, until his termination on July 31, 2017.

22. Plaintiff Barrett was employed by Defendant Fluor as a Field Welding Engineer from June 13, 2016, until his termination on July 31, 2017.

23. Upon information and belief, there are a significant number of other former employees of Defendant, similarly-situated to Plaintiffs, who were improperly paid for overtime work and/or not paid for overtime work.

24. At all times relevant to this Complaint, Plaintiffs and members of the Plaintiff class were non-exempt employees for purposes of the Fair Labor Standards Act.

25. During the relevant limitations period, Plaintiffs and others similarly-situated regularly worked in excess of forty (40) hours per week. Plaintiffs did not receive the correct overtime pay as required by the FLSA. Specifically, upon information and belief, Defendant paid all time, including that in excess of forty hours in a work-week, at Plaintiffs' regular rate of pay.

26. At all times relevant to this Complaint, Plaintiffs were good and faithful employees of Defendant and consistently performed all of the essential functions of their jobs in an acceptable and competent manner.

27. Plaintiffs and other members of the Plaintiff class previously raised their concerns about incorrect calculation of their overtime pay and/or non-payment for overtime hours worked to Defendant's agents; however, Plaintiffs were intimidated and coerced to continue working under these unlawful conditions and the pay miscalculations continued.

## FOR A FIRST CAUSE OF ACTION
### (Fair Labor Standards Act-Failure to Appropriately Pay Overtime Wages)
### (Individual and Collective Action)

28. Plaintiffs repeat and reallege each and every allegation of the foregoing Paragraphs as if restated herein verbatim.

29. Defendant is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(d), because it is a "public agency."

30. Plaintiffs and the members of the Plaintiff class were employees of Defendant for purposes of the Fair Labor Standards Act during all times relevant to this Complaint.

31. Defendant failed to pay Plaintiffs and the members of the Plaintiff class at the rate of one-and-one-half times the regular rate at which Plaintiffs were compensated for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

32. Defendant also failed to pay Plaintiffs and the members of the Plaintiff class for all compensable time for which Plaintiffs provided work for the benefit of Defendant.

33. Plaintiffs and the members of the Plaintiff class are entitled to back wages at the rate of one-and-one-half times the regular rate at which Plaintiffs were compensated for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

34. Plaintiffs and the members of the Plaintiff class are also entitled to an award of back pay at their regular hourly rate or their overtime rate, as appropriate compensation for all time spent in working for Defendant, which was wrongfully excluded by Defendant in calculating their compensable time.

35. Defendant's failure to compensate Plaintiffs for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

36. Plaintiffs and the members of the Plaintiff class are also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37. The work and pay records of Plaintiffs and the members of the Plaintiff class are in the possession, custody, and/or control of Defendant, and Defendant is under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to make, keep, and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained. Plaintiffs request an order of this Court specifically requiring Defendant to preserve such records during the pendency of this action.

38. Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

### FORA SECOND CAUSE OF ACTION
### (South Carolina Payment of Wages Act)
### (Individual and Class Action)

39. Plaintiffs repeat and reallege each and every allegation of the foregoing Paragraphs as if restated herein verbatim.

40. Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

41. Defendant employed Plaintiffs and the members of the Plaintiff class within the State of South Carolina.

42. Defendant owes Plaintiffs and the members of the Plaintiff class "wages" as defined in Section 41-10-10(2) of the Act, to compensate them for labor rendered to Defendant, as promised to Plaintiffs and the members of the Plaintiff class and as required

by law, including overtime pay required by the FLSA.

43.     Defendant required Plaintiffs and the members of the Plaintiff class to work "off the clock," and did not pay them for all service rendered for the benefit of Defendant.

44.     Defendant has failed to pay Plaintiffs and the members of the Plaintiff class all wages due, as required by Sections 41-10-40 and -50 of the Act.

45.     In addition, Defendant improperly calculated the amounts owed to the Plaintiffs and the members of the Plaintiff class on their paychecks for improper purposes, upon false pretenses, and without providing proper written notice as required by Section 41-10-30(A) of the Act.

46.     Defendant's failure to pay Plaintiffs and the members of the Plaintiff class all wages due is willful, without justification, and in violation of applicable statutory mandates.

47.     Pursuant to Section 41-10-80(C) of the Act, Plaintiffs and the members of the Plaintiff class are entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, or their wrongfully withheld wages, plus costs and reasonable attorneys' fees.

### FOR A THIRD CAUSE OF ACTION
### (Breach of Contract)
### (Individual and Class Action)

48.     Plaintiffs repeat and reallege each and every allegation of the foregoing Paragraphs as if restated herein verbatim

49.     Plaintiffs and the members of the Plaintiff class entered into a contract with Defendant where Plaintiffs and the members of the Plaintiff class would provide services and labor to Defendant in exchange for agreed-upon wages.

50.     The contracts offered by the Defendant and accepted by the Plaintiffs and the members of the Plaintiff class provide the Plaintiffs and the members of the Plaintiff class would be paid an hourly rate based upon an annual salary.

51.     Plaintiffs and the members of the Plaintiff class fulfilled their obligations under the contract.

52.     Defendant breached the contracts with Plaintiffs and the members of the Plaintiff class by not paying them all amounts due.

53.     As a direct and proximate result of Defendant's breach, Plaintiffs and the members of the Plaintiff class have sustained damages.

54.     Plaintiffs and the members of the Plaintiff class are informed and believe they are entitled to actual damages, prejudgment interest, plus the costs of this action.

WHEREFORE, having fully set forth their allegations against Defendant, Plaintiffs respectfully request that the Court enter judgment for the following relief:

a. An order authorizing the sending of appropriate notice to current and former employees of Defendant who are potential members of the collective action under the Fair Labor Standards Act;

b. A declaratory judgment that Defendant has willfully and in bad faith violated the overtime compensation provisions of the FLSA, and has deprived Plaintiffs and the members of the Plaintiff class of their rights to such compensation;

c. An order requiring Defendant to provide a complete and accurate accounting of all the overtime compensation and other compensation to which Plaintiffs and the members of the Plaintiff class are entitled;

d. An award of monetary damages to Plaintiffs and the members of the Plaintiff class in the form of back pay for overtime compensation and other compensation due, together with liquidated damages in an equal amount;

e. An award of monetary damages to the Plaintiffs and the members of the Plaintiff class for breach of contract;

f. Injunctive relief ordering Defendant to amend its wage and hour policies to comply with applicable laws;

g. Pre-judgment interest;

h. An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

i. Treble damages pursuant to the South Carolina Payment of Wages Act and/or FLSA;

j. Attorneys' fees and costs; and

k. Such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

GAFFNEY LEWIS & EDWARDS, LLC

s/ Amy L. Gaffney
Amy L. Gaffney
Federal I.D. Number:  6316
Gaffney, Lewis & Edwards, LLC
3700 Forest Drive, Suite 400
Columbia, SC  29204
(803) 790-8838
(803) 790-8841—facsimile
agaffney@glelawfirm.com

YARBOROUGH APPLEGATE LLC
David B. Yarborough, Jr.
Federal I.D. Number:  7336
William E. Applegate, IV
Federal I.D. Number:  9261
Christopher J. Bryant
Federal I.D. Number:  12538
291 East Bay Street
Charleston, SC  29401
(843) 972-0150
(843) 277-6691 –facsimile
david@yarboroughapplegate.com
william@yarboroughapplegate.com
chris@yarboroughapplegate.com